**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| ERIC KATZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20cv554 (TSE/JFA) |
| | ) | |
| MERRICK GARLAND, ATTORNEY | ) | |
| GENERAL, U.S. DEPARTMENT OF | ) | |
| JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO SEAL

Pursuant to Local Civil Rule 5, Defendant, through his undersigned counsel, hereby respectfully submits the instant memorandum of law in support of his motion to seal Defendant's Objections to the Court's Proposed Redacted Memorandum Opinion. These objections concern medical information about Plaintiff that the Court has proposed redacting. The unredacted document has been filed electronically using the sealed filing events at Dkt. 137.

## INTRODUCTION

Defendant's Objections to the Court's Proposed Redacted Memorandum Opinion (hereinafter "Objections") references material that the Court has proposed redacting. In the interest of good faith, Defendant wishes to provide Plaintiff with an opportunity to justify sealing these exhibits and maintaining the redactions in Defendant's Brief. Accordingly, Defendant requests that the Court seal the Objections from the public docket.

## ARGUMENT

1

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). However, the common law presumption in favor of public access can be overcome by a showing that a litigant has "some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Accordingly, before ordering the sealing of a document, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the document[], and (3) provide specific reasons and factual findings supporting its decision to seal the document[] and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also* Local Civ. R. 5(C).

Each of the above factors is satisfied by the circumstances here. With respect to the first *Ashcraft* factor—requiring public notice and opportunity to comment—Defendant has provided public notice of his request to file certain materials under seal. As stated in the notice, any interested member of the public and any other party may indicate their position on the motion. *See* Dkt. 136.

Second, sealing the Objections is warranted to protect Plaintiff's privacy interests pending the Court's resolution of Defendant's objections to the Court's proposed redactions. Courts routinely seal medical records. *See, e.g.*, *Peppers v. Moubarek*, 2020 WL 263491, at *2 (D. Md. Jan. 17, 2020); *Laschkewitsch v. Lincoln Life & Annuity Distributors, Inc.*, 47 F. Supp. 3d 327, 331 (E.D.N.C. 2014); *Green v. Gap, Inc.*, 2013 WL 12151446, at *2 (E.D. Va. May 21, 2013). And, as one court noted, there is no less drastic alternative to sealing medical records, as

the entirety of the contents of those exhibits contain sensitive medical information. *Green*, 2013 WL 12131446, at *2. Similarly, here, a targeted redaction is not feasible with respect to the Objections, because the entirety of the Objections referenced the proposed, redacted medical information. Any measure other than sealing would serve little public purpose here, as it would leave public only generic letterhead that would not assist in the public's understanding of the matters before the Court.

Defendant files this motion to seal as a good faith effort to allow Plaintiff the opportunity to respond to protect his interests in the confidentiality of his medical records. *See* Local Rule 5(C) ("When a party moves to file material under seal because another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion complying with requirements (2), (3), and (4) above along with a proposed order.").

Defendant therefore requests that the Court seal the Objections.

**<u>CONCLUSION</u>**

For the foregoing reasons, Defendant respectfully requests that the Court seal Defendant's Objections to the Court's Proposed Redacted Memorandum Opinion.

Dated: September 28, 2023                    Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

*By*: _____/s/_____
ELIZABETH A. SPAVINS
MEGHAN E. LOFTUS
Assistant United States Attorneys
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel:    (703) 299-3785/3757
Fax:    (703) 299-3983
Email: Lizzie.Spavins@usdoj.gov

3

Meghan.Loftus@usdoj.gov
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I do hereby certify that on this 28th day of September, 2023, I have electronically filed the foregoing using the CM/ECF system, and I hereby certify that I have mailed a copy of the foregoing to Petitioner, a non CM/ECF participant in this action, via the U.S. mail in a postpaid envelope addressed as follows:

Eric Katz
520 Lystra Preserve Drive
Chapel Hill, NC

_____/s/_____
Lizzie Spavins
Assistant United States Attorney

5